UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JIMMY HAYNES, on behalf of
himself and others similarly
situated,

        Plaintiffs,

                        CASE NO.:

vs.

WILLIE LAMAR BLOCK &
BRICK CONSTRUCTION, and
WILLIE J. LAMAR, individually

        Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jimmy Haynes, on behalf of himself and others similarly situated, by and through the undersigned attorney, sues Defendants, Willie Lamar Block & Brick Construction and Willie J. Lamar individually, and alleges:

### INTRODUCTION

1. Plaintiff, Jimmy Haynes, was an employee of Willie Lamar Block & Brick Construction, and brings this action for unpaid overtime compensation, unpaid wages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. Plaintiff was an hourly paid employee performing Labor Helper duties

within the last three years, *i.e.* from October 2014 through October 2017, for Defendant in Baldwin County, Georgia.

3. Defendant, Willie Lamar Block & Brick Construction, is a Georgia Corporation that operates and conducts business in, among others, Baldwin County, Georgia and is therefore, within the jurisdiction of this Court.

4. This action is brought under the FLSA to recover from Defendant overtime compensation, unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

## VENUE

6. The venue of this Court over this controversy is proper based upon the claim arising in Baldwin County, Georgia.

## PARTIES

7. Plaintiff was an hourly paid Labor Helper who worked for the Defendant in Baldwin County, Georgia.

8. The proposed class members also worked for Defendant as Labor

Helpers in Baldwin County, Georgia.

9. Plaintiff and the proposed class members were subject to similar violations of the FLSA.

10. Defendant, Willie Lamar Block & Brick Construction, is a Domestic Profit Corporation which is owned by Willie J. Lamar, and operates and conducts business in Milledgeville, Georgia, and is therefore within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

11. Plaintiff, and those similarly situated employees, worked for Defendant and performed labor and related activities.

12. Plaintiff worked in this capacity from approximately January 2001 through February 2017.

13. Plaintiff earned a rate of pay of $11.00 an hour.

14. Defendant agreed to pay Plaintiff wages for work performed by Plaintiff. Plaintiff accepted this agreement and did work for Defendant.

15. During his employment with Defendant, Plaintiff regularly worked more than forty (40) hours a week, but was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

16. Upon information and belief, records concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COVERAGE

17. At all times relevant to this action (2014-2017), Willie Lamar Block & Brick Construction was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

18. At all times relevant to this action (2014-2017), Willie Lamar Block & Brick Construction made gross earnings of at least $500,000 annually.

19. At all times relevant to this action (2014-2017), Defendant accepted payments from customers based on credit cards issued by out of state banks.

20. At all times relevant to this action (2014-2017), Defendant had 2 or more employees handling or otherwise working with construction materials and equipment that have been moved in or produced for commerce. (*i.e.* brick laying materials, construction materials, etc.).

21. At all times relevant to this action (2014-2017), Plaintiff was individually engaged in commerce during his employment with Defendant, by working with construction materials and equipment from out of state.

22. At all times relevant to this action (2014-2017), Defendant used U.S. mail to send and receive letters to and from other states.

23. At all times relevant to this action (2014-2017), Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

## **COLLECTIVE FACTUAL ALLEGATIONS**

24. Class members are treated equally by Defendant.

25. Defendants subjected class members to the same illegal practice policy by not paying Plaintiff and those similarly situated correct overtime wages.

26. Defendants employed several Labor Helpers who were improperly paid overtime wages in the State of Georgia within the past three (3) years.

27. Defendants paid class members in the same manner.

28. Plaintiff and all class members worked in the State of Georgia.

29. Plaintiff and all class members in the State of Georgia were not correctly paid overtime wages for all hours worked in excess of forty (40) hours.

30. Defendants failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

31. During the relevant period, Defendants violated the FLSA by improperly paying Plaintiffs overtime wages for all hours worked excess of forty (40) hours per week.

32. Defendants acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

33. Plaintiff has hired the undersigned law firm to represent him in this matter and is obligated to pay them reasonable fees and costs if they prevail.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION VERSUS WILLIE LAMAR BLOCK & BRICK CONSTRUCTION

34. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-33 above.

35. Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week. During his employment with Defendant Willie Lamar Block & Brick Construction, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

36. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

37. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff, Jimmy Haynes, on behalf of himself and all other similarly situated employees, demands judgment against Defendant, Willie Lamar

Block & Brick Construction, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

### COUNT II - RECOVERY OF OVERTIME COMPENSATION VERSUS WILLIE J. LAMAR INDIVIDUALLY

38. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-33 above.

39. Defendant, Willie J. Lamar, is the owner and registered agent of Defendant, Willie Lamar Block & Brick Construction.

40. Defendant Willie J. Lamar was a manager who acted with direct control over the work, pay, and job duties of Plaintiff and similarly situated employees.

41. Defendant Willie J. Lamar: (1) had the power to hire and fire Plaintiff, (2) supervised and controlled Plaintiff's work schedules or conditions of employment, (3) determined Plaintiff's rate and method of payment, (4) maintained employment records, and (5) determined Willie Lamar Block & Brick Construction's overtime policies.

42. As such, Defendant Willie J. Lamar is charged with responsibility for violations of Plaintiff and similarly situated employees' rights to overtime and resulting damages.

WHEREFORE, Plaintiff, Jimmy Haynes, on behalf of himself and those similarly situated, demands judgment against Defendant, Willie J. Lamar, for the payment of all overtime hours at one and one-half the regular rate of pay for the

hours worked for which Defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate. In addition, Plaintiff seeks all damages sought above by virtue of joint and several liabilities versus Defendants Willie Lamar Block & Brick Construction and Willie J. Lamar.

## DEMAND FOR JURY TRIAL

43. Plaintiff demands a jury trial on all issues so triable against Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Respectfully submitted this **8th** day of **November**, **2017**,

*s/ ADIAN MILLER*
Adian Miller, Esquire
GA Bar No.: 794647
**Morgan & Morgan, P.A.**
191 Peachtree Street, N.E., Suite 4200
Atlanta, GA 30303
Telephone: (404) 496-7332
Facsimile: (404) 496-7428
Email: armiller@forthepeople.com

***Attorney for Plaintiff***